```
_____ FILED_____ ENTERED
_____ LOGGED_____ RECEIVED
```

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JAN 2 5 2018

AT BALTIMORE
CLERK, U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

| |  |
|---|---|
| IN THE MATTER OF THE SEARCH BLU A CELLULAR PHONE (MODEL Z3 M Z110, WITH TWO IMEI NUMBERS: 352905086898388 AND 352905086898396) WITH GO SMART MOBILE SIM CARD NUMBER 8901260952131620955 CURRENTLY IN THE CUSTODY OF THE BALTIMORE POLICE DEPARTMENT LOCATED AT 601 E. FAYETTE STREET BALTIMORE, MD 21202 | Misc. Case No.<br><br>SAG-18-00061 |

## AFFIDAVIT IN SUPPORT OF APPLICATION FOR A SEARCH WARRANT

I, Special Agent ("SA") **Colleen Daly**, being duly sworn, deposes and states as follows:

1. This affidavit is submitted in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 for one cellular telephone, specifically, **a BLU cellular phone (model Z3 M Z110, with two IMEI numbers, 352905086898388 and 352905086898396) with GO SMART mobile sim card number 8901260952131620955,** (hereinafter referred to the "**Subject Electronic Device**"), which is also identified in Attachment A and is currently in the custody of the Baltimore City Police Department ("BPD"), located at 601 E. Fayette St. Baltimore, Maryland 21202. Law enforcement seized the **Subject Electronic Device** from Dana FOWLKES following his arrest for armed robbery and possession of a firearm in violation of Maryland state law. *See* MD. CR. §§ 3-403, 4-203.

2. The warrant authorizes the search of the **Subject Electronic Device** for the purpose of identifying and examining information, as more particularly described in Attachment B, that constitutes evidence, fruits, and instrumentalities related to a felon in possession of firearm and ammunition in violation of 18 U.S.C. § 922(g) and conspiracy to distribute controlled substances

1

and possession with intent to distribute controlled substances in violation of 21 U.S.C. §§ 846, 841(a).

3. The facts in this affidavit come from my knowledge, training and experience, personal observations during the course of the investigation and from information obtained from witnesses and other agents and law enforcement officers. This affidavit is intended to show there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter. Rather, this affidavit contains only such information as is necessary to show that there is probable cause to believe that the memory and content of the **Subject Electronic Device** will contain fruits, instrumentalities and evidence of this crime, as further described in Attachment B.

## AGENT BACKGROUND

4. I am "an investigative or law enforcement officer" of the United States within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of, and to make arrests for, the offenses enumerated in offenses enumerated in Section 2516 of Title 18, United States Code.

5. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") and have been since January 2017. I am assigned to a joint task force comprised of ATF agents and BPD officers that investigate firearm violations in relation to the EXILE Program in Baltimore City, Maryland. I attended the Criminal Investigator Training Program and the ATF Special Agent Basic Training at the Federal Law Enforcement Training Center. Classes included basic investigative techniques, probable cause, constitutional law, federal controlled substances and firearms laws, including recognition of controlled substances, methods by which controlled substances are manufactured, distributed, and sold, electronic and

physical surveillance techniques, including methods for collecting and analyzing toll records, wiretap information, and other forms of electronic data.

6. I have participated in investigations focusing on controlled dangerous substance (CDS) trafficking, and illegal firearms. I have conducted covert surveillance of suspected CDS traffickers; observed interviews with individuals involved in gangs and the CDS trafficking trade, and have been a member of surveillance teams. I have also participated in the execution of several federal search and arrest warrants involving CDS traffickers and violent offenders, and participated in the seizure of several firearms and controlled dangerous substances. Through my training, education, and experience, I have become familiar with the manner in which illegal CDS and firearms are transported, stored, and distributed, and the manner in which CDS and firearms traffickers communicate with each other.

7. I know, based on my training and experience, that individuals involved with drug trafficking activities and illegal firearm possession frequently use cellular telephones, communication devices, and other electronic media storage to further their illegal activities. Persons who have firearms tend to take photographs of the firearm and ammunition, which is stored on their electronic device. An individual may communicate with others in reference to the purchase of or the selling of firearms and CDS through their electronic devices. Individuals found with firearms and CDS often post pictures of evidence, fruits of the crime, and instrumentalities, on social media pages to show others with whom they are connected.

8. Further, individuals involved with illegal activities tend to use their cellular devices to call or text accomplices after the crime has been committed. Sometimes co-conspirators will be nearby as a look out for local police while an individual commits a crime. Individuals may contact an accomplice via electronic device for a ride to flee the crime. Additionally, an individual may

communicate with another person to strategize and attempt to hide the belongings or merchandise from the crime committed. Individuals tend to take photographic images of the property or items taken in connection with the crimes committed, to share that information with others, or to store it on electronic devices. More specifically, I know that members of criminal activities use cellular telephones to further their objectives by:

   a. Communicating with other co-conspirators by talking and by sending e-mail messages, text messages, and messages through social media (e.g., Facebook);

   b. Storing contact information of co-conspirators; and

   c. Taking photographs and recording videos of co-conspirators and contraband.

## PROBABLE CAUSE

9.  On September 1, 2017, undercover officers were in the 800 block of N. Arlington Avenue for a drug-related investigation.[1] The officers heard the loud sound of a vehicle accident in the area and a gunshot. Further investigation revealed that two women were walking on Pennsylvania Avenue discussing that they wanted to buy a new cell phone. FOWLKES overheard their conversation and offered to sell them a phone for $50; FOWLKES left to retrieve the phone. The victims went to wait in their car on Arlington Avenue. FOWLKES entered the car through the rear passenger door and pointed a gun at the victims. He told them to give him everything they had. The victims hesitated and FOWLKES struck one of the victims on the head with the gun, went into her pockets, and took her phone, bank cards, I.D.s and $10. He exited the vehicle and the driver reversed her car into FOWLKES, hitting the front steps of a house. FOWLKES stumbled, but was able to run down the alley. The driver followed him. FOWLKES discharged a firearm.

---

[1] This investigation was completely unrelated to the case at hand.

10. The undercover officers pursued FOWLKES and arrested him for armed robbery of the two women and possession of a handgun.[2] A search incident to arrest recovered property belonging to the victim, and the **Subject Electronic Device**.

11. The victims detailed their version of the robbery to investigating officers. However, there is evidence that the victims met up with FOWLKES to purchase controlled substances. After his arrest, investigators read FOWLKES his rights pursuant to *Miranda*; FOWLKES voluntarily waived his rights and told investigators that he met up with the victims in order to sell them narcotics.

12. No one has had access to the **Subject Electronic Device** in order to destroy, delete, or otherwise tamper with any data contained therein since FOWLKES' arrest. Therefore, I believe that any data and information contained on the **Subject Electronic Device** may still be recovered by a forensic analysis of **Subject Electronic Device's** data. I submit that there is probable cause to believe that the **Subject Electronic Device** recovered from FOWLKES' contains evidence, fruits, and instrumentalities of a violation of 18 U.S.C. § 922(g) and 21 U.S.C. §§ 846, 841(a). connection to the firearm possession by FOWLKES that will be found within the **Subject Electronic Device**, evidence (more fully described in Attachment B) which constitutes evidence of the aforementioned violations.

## CONCLUSION

WHEREFORE, in consideration of the facts presented, I respectfully request that this Court issue a warrant for the search of the **Subject Electronic Device**, as further described in Attachment

---

[2] The firearm was located directly in front of FOWLKES at the time of his arrest. A BPD patrol officer saw FOWLKES attempting to hide from the undercover officers. The officer saw a firearm in FOWLKES's hand and ordered FOWLKES to drop the firearm; FOWLKES complied and other officers recovered the firearm after the patrol officer took FOWLKES into custody.

5

A, and authorize the search and the seizure of certain evidence and information therefrom, as described in Attachment B.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

*[signature]*
Colleen Daly, Special Agent
Bureau of Alcohol, Tobacco, Firearms,
Arson and Explosives

Signed and sworn to before me this 09 day of January 2018.

*[signature]*
The Honorable Stephanie A. Gallagher
United States Magistrate Judge

6

## ATTACHMENT A

The property to be searched is:

> **A BLU cellular phone (model Z3 M Z110, with two IMEI numbers, 352905086898388 and 352905086898396) with a GO SMART mobile sim card number 8901260952131620955**

(the "**Subject Electronic Device**") seized by the Baltimore City Police Department from Dana FOWLKES on September 1, 2017, and is currently located at 601 E. Fayette St. Baltimore, Maryland 21202.

## ATTACHMENT B

This warrant authorizes the search and seizure of the following information and electronically stored data contained from the **Subject Electronic Device**, as described in Attachment A:

a. digital images;

b. records of incoming and outgoing voice communications;

c. records of incoming and outgoing text messages;

d. the content of incoming and outgoing text messages;

e. voicemails;

f. voice recordings;

g. contact lists;

h. data from 3rd party applications (to include messaging programs);

i. any location data; and

j. the ISMI and other numbers located on or behind the device's SIM card;

that are related to the investigation of violations of 21 U.S.C. §§ 841(a), 846, and 18 U.S.C. § 922(g), or any other violation of state or local law, as more fully described in the affidavit.

Because of the possibility that the files examined pursuant to the warrant will include information that is beyond the scope of what the United States has demonstrated the existence probable cause to search for, the search shall be conducted in a manner that will minimize to the greatest extent possible the likelihood that files or other information for which there is not probable cause to search is not viewed.

While this protocol does not prescribe the specific search protocol to be used, it does contain limitations to what government investigators may view during their search, and the searching investigators shall be obligated to document the search methodology used in the event that there is a subsequent challenge to the search that was conducted, pursuant to the following protocol:

With respect to the search of any digitally/electronically stored information that is seized pursuant to this warrant, and described in Attachment B hereto, the search procedure shall include such reasonably available techniques designed to minimize the chance that the government investigators conducting the search will view information that is beyond the scope for which probable cause exists.

The following list of techniques is a non-exclusive list, which illustrates the types of search methodology that may avoid an overbroad search, and the government may use other procedures that, like those listed below, minimize the review of information not within the list of items to be seized as set forth herein:

a. Use of computer search methodology to conduct an examination of all the data contained in such computer hardware, computer software, and/or memory storage devices to determine whether that data falls within the items to be seized as set forth herein by specific date ranges, names of individuals, or organizations;

b. Searching for and attempting to recover any deleted, hidden, or encrypted data to determine whether that data falls within the list of items to be seized as set forth herein;

c. Physical examination of the storage device, including digitally surveying various file directories and the individual files they contain to determine whether they include data falling within the list of items to be seized as set forth herein; and

d. Opening or reading portions of files that are identified as a result of conducting digital search inquiries in order to determine their relevance.